MERRITT E. CASTNER AND RACHEL A. CASTNER v. THE
FARMERS' MUTUAL FIRE INSURANCE COMPANY OF
VAN BUREN COUNTY.

[See 46 Mich. 15.]

*Insurance—Grounds for refusing to pay losses—Forfeiture for non-pay-
ment of assessments—Notice of assessments—Special questions.*

An insurance company, when sued upon a policy, cannot, after the
beginning of suit, make any objections to paying the loss that are
different from or additional to those which it stated before.

Using a stove in a room that has no chimney does not release an insur-
ance company from liability to pay a loss by fire resulting there-
from, if the premises are not within corporate limits or if the char-
ter or by-laws of the company do not furnish a basis for refusing to
pay.

The charter of a mutual insurance company made the non-payment of
assessments within a fixed period a cause of forfeiture. In a case
in which this period had been exceeded and the assessment not paid,
an affidavit of loss admitted that the notice of assessment had been
received shortly after it was sent. But the affidavit was filled out
by the agent of the company and the insured was not led to sup-
pose that the company intended to rely on the provision for forfeit-
ure, or that the date of receiving the notice was of any importance.
*Held* that in an action on the policy he was not estopped, by the
recital in his affidavit, from showing that although the notice was
taken from the postoffice soon after it was sent, it had not been
delivered to him until long afterward.

The charter of a mutual insurance company provided that members
should be *notified* of assessments by circular or verbally, and that if
they did not pay within a fixed time they would forfeit protection
through their policy. *Held* that such personal liability could not
attack from merely mailing the notice, if it was not actually received.

Refusal to submit special questions that cannot control the result is not
error.

Error to Van Buren (Arnold J.) April 4–5.—April 11.

ASSUMPSIT. Defendant appeals. Affirmed.

*C. A. Harrison, E. A. Crane* and *Geo. W. Lawton* for

appellant.    Mailing notice of assessments of a mutual insurance company, prepaid and directed to members is enough: *Lothrop v. Greenfield Ins. Co.* 2 Allen 82 ; and it is sufficient delivery if the notice is taken from the postoffice by one of the family of the person addressed : May on Insurance § 562.

*Lester A. Tabor* for appellees.    When an insurance company once assigns reasons for not paying a loss, it is estopped from assigning any others in an action on the policy : *Brink v. Hanover Life Insurance Co.* 80 N. Y. 108 ; *Goodwin v. Mass. Life Ins. Co.* 73 N. Y. 488 ; *Prentice v. Knickerbocker Life Ins. Co.* 77 N. Y. 483 ; where a party is entitled to notice, and has not stipulated to have it transmitted by mail or otherwise, he is not bound by any notice until actually received : *Burhans v. Corey* 17 Mich. 282 ; if after knowledge of a cause of forfeiture under a policy, the company, in any negotiation or transactions with the insured, recognizes the continued validity of the policy, or does any acts based thereon, or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is, as matter of law, waived, and such waiver need not be based upon any new agreement, or an estoppel : *Titus v. Glens Falls Ins. Co.* 81 N. Y. 410 ; *Allen v. Vermont Mutual Ins. Co.* 12 Vt. 366 ; *Webster v. Phœnix Ins. Co.* 36 Wis. 67; *Gans v. St. Paul Ins. Co.* 43 Wis. 109; *Insurance Co. v. Norton* 96 U. S. 234 ; *Viele v. Germania Ins. Co.* 26 Iowa 9 ; *Pratt v. N. Y. C. Ins. Co.* 55 N. Y. 505.

GRAVES, C. J.  The plaintiffs recovered in the court below a certain loss which they had suffered by the burning of a dwelling-house and part of the contents, which had been insured by the defendant company.    The policy was issued on March 2d, 1878, and the fire occurred on the 5th of October following.    A wood house stood about ten feet from the dwelling, and an apartment in it contained a stove and was used for drying fruit.    The fire started in that room.

The application for insurance made no mention of this building.  Notice was regularly given of the loss and the com-

pany acted upon it.  The preliminary proof was drawn up by
the secretary, and the directors made an investigation and
acquired full knowledge concerning the, facts.    The situa-
tion of the wooden building in which the fire originated was
ascertained.    The board thereupon declined to pay any part
of the loss, and the refusal was deliberately based upon two
grounds : *First*, because the insured had forfeited all right
to recover by not paying an assessment which the company
had made against them, according to the provisions of section
sixteen of the charter ; *second*, because a stove was used in
a room without a chimney, in violation of the charter.

Such was the position when the suit was instituted, and
the company were not at liberty thereafter to vary their
ground and offer new or additional objections.    The property
was farm property, and not within any village limits. · There
is no provision in the charter against using a stove without
a chimney, nor any by-law applicable to the objection.

The chief reliance is on the other ground.    The import-
ant question is whether when the fire occurred the policy
was still active so as to affect the company with liability as
insurers in respect to the plaintiffs' loss, and the claim is
made that it was not ; that the force of the policy as an indem-
nifying contract had become suspended through the plaint-
iffs' failure to pay a valid assessment within sixty days after
notice.    The burden of showing this interruption of respon-
sibility rested on the company—the party asserting it.

It may be assumed for the purpose of the case that the
assessment of June, 1878, was a valid assessment.    The
essential point is upon the existence of the alleged default
and consequent suspension of insurance.    As matter of
fact a notice of the assessment was mailed to the plaintiffs
not later than June 3d, by Mr. Richards, who was the sec-
retary and treasurer of the company, and at the time the
fire took place, on the fifth of October, no payment had
been made.    But the plaintiffs claimed that they did not
receive the notice until some time in September, and it is
not disputed that within sixty days from that time they
made a tender of the assessment, which was refused.    The

company maintained—*First*, that the plaintiffs were estopped from saying that they did not get the notice more than sixty days prior to the fire ; but if not, then *second*, that the mailing the information amounted to notice within the meaning of the charter provision.

*First*, as to the estoppel.    The ground on which this proposition is based is that M. E. Castner, in the affidavit of loss drawn up by Mr. Richards, the secretary and treasurer, in the presence of the co-plaintiff and the directors and some others, stated that the notice was received about a week after its date, and that Edward Castner delivered it. But .it appeared at the trial that on the occasion when this affidavit was made there was no intimation to the plaintiff that the company meditated taking any advantage of the prior non-payment of the assessment, nor any suggestion that the time of the actual reception of the notice was of the least importance, nor any hint that the company had any hostile views.    There was evidence, moreover, tending to show that the plaintiffs were led to suppose and did suppose, as the agents of the company must have seen, that the actual time of the receipt of the notice was not material, and the statement about it more a matter of form than substance ; that Mr. Richards, on drawing up the affidavit, inquired about the time, and was told by the affiant that he could not tell; that Richards then pressed him to make some reply, and that he thereupon answered " Perhaps a week or two ; " and there was evidence tending to show further that Edward Castner, a brother of Merritt, took the notice from the post-office and inadvertently kept it in his pocket until about the 10th of September, and then for the first time gave it to the plaintiffs.

In view of all the evidence on the subject it was not proper for the court to rule that the plaintiffs were bound by this statement in the affidavit of loss, and estopped from taking the sense of the jury on the question of the real truth respecting the time when the plaintiffs received notice.    It would have been an inequitable rather than an equitable estoppel.

As to the *second* point, was the fact of mailing the paper which contained the information for the member sufficient of itself to constitute the notification required by the charter? The proposition here is that it makes no difference whether the member ever gets knowledge of the assessment upon him or not, provided notice of it is regularly mailed to him, and therefore the contention is to be viewed on the assumption that he does not get it. The language of the charter is that the member is to be "NOTIFIED by the secretary or otherwise, either by *circular* or a *verbal notice.*" § 16. The consequences to flow from this notification are admitted to be important.

A fixed personal liability is to depend upon it; and further, in case of failure to respond by payment of the sum assessed as communicated by the "notice," during a given number of days, the member is to stand unprotected by his policy and wholly without remedy or redress in case of loss. In principle it is not easy to distinguish the nature of the required notification from the office and object of service of process, and there would seem to be as much reason for real notice in the case in question as in the case of an action. The destruction of a mail, or accidents preventing the delivery of matter, or even a considerable delay, might at any time, without fault of the persons insured, eventuate in wide-spread loss and injustice.

No construction, open to so much objection, should be admitted unless rendered necessary by the terms of the charter; and they do not require it. On the contrary, they contemplate that the members shall have real information of the assessment. The provision is not that notice or information shall be mailed or sent or forwarded. The members are to be "notified,"—that is, informed; to have made known to them the fact of the assessment; and this is permitted to be done either by oral statements to the members or by delivery to them of written statements through the agency of the post-office or some other. It follows that the second ground of defense cannot be supported.

On reviewing the charge it appears to have been **very** full and entirely fair, and it is not open to complaint by the company. No error was committed in declining to submit the specific questions proposed by the defense. They called for nothing which could rule the result.

No error is shown, and the judgment should be affirmed with costs

The other Justices concurred.