[No. 1160.  Decided January 16, 1894.]

# F. D. HENNESSY, *Respondent*, v. THE NIAGARA FIRE INSURANCE COMPANY, *Appellant*.

**INSURANCE — ACTION ON POLICY — WAIVER OF CONDITIONS — EVIDENCE — DEPOSITIONS.**

The denial of liability by an insurance company for a loss is a waiver of a condition of the policy requiring arbitration in case of a disagreement between the company and the assured as to the amount of the loss.

Where the defense to an action upon a policy of fire insurance is that the assured swore falsely in his proofs of loss, the proofs are admissible in evidence.

Proof by an insurance company of what it would cost to repair a building damaged by fire is not admissible for the purpose of showing the extent of the fire.

The reasons which authorized depositions and which existed at the time they were taken will be presumed as still in existence at the time of the trial, if nothing appears to the contrary.

*Appeal from Superior Court, Spokane County.*

*Jones, Voorhees & Stephens,* for appellant:

Proofs of loss are *ex parte* statements, and not legal or competent evidence for anything or any purpose to go to the jury.  *Cascade, etc., Ins. Co. v. Journal Pub. Co.,* 1 Wash. 455; *Hiles v. Hanover Fire Ins. Co.,* 27 N. W. 350; *Lycoming Mutual Ins. Co. v. Schreffler,* 44 Pa. St. 273; 42 Pa. St. 191; *Kittanning Ins. Co. v. O' Neill,* 1 Atl. 592; *Commonwealth Ins. Co. v. Sennett,* 41 Pa. St. 162; *Lycoming Fire Ins. Co. v. Rubin,* 79 Ill. 408.

*Hyde & Reagan,* and *Turner, Graves & McKinstry,* for respondent:

Appellant having placed its refusal to pay upon the ground that the amount of loss had been falsely sworn to, it cannot now object upon other grounds not then given.  May,

Ins. (2d ed.), § 470, and cases cited; Wood, Fire Ins. (2d ed.), § 443, and cases cited; *Bennett v. Maryland Ins. Co.*, 14 Blatchf. 422; *Planters Mutual Ins. Co. v. Deford*, 38 Md. 382; *Troy Fire Ins. Co. v. Carpenter*, 4 Wis. 32.

The opinion of the court was delivered by

SCOTT, J. — This action was brought on an insurance policy to recover the amount insured on a stock of merchandise which was burned. Judgment was rendered for the plaintiff, and the defendant appeals.

It is contended that the action was prematurely brought, in that the plaintiff failed to furnish proofs of loss after the fire, under the conditions of the policy, and in that the policy provided that in the event of a loss and in case of a disagreement as to the amount thereof, the same should be ascertained by two competent and disinterested appraisers, the assured and the company each to select one and the two so chosen to select a competent and disinterested umpire.

It appears that proofs of loss were furnished by respondent to appellant, and that they were rejected for certain reasons, which were specified; whereupon respondent again furnished proofs which complied with said objections. These proofs were returned to him with a denial upon the part of the company of any liability, on the ground that the claimant had sworn falsely in making his proofs of loss. The last proofs furnished appear to have been technically correct under the terms of the policy, and the appellant having denied any liability whatever for the loss on the ground of false swearing, could not rely upon the provision of the policy relating to an arbitration in case of disagreement as to the amount of such loss. Furthermore, it does not appear that either party demanded that such an arbitration be had, and these points are not well taken.

It is further contended that the court erred in admitting

the proofs of loss in evidence, and that the same should not have been submitted to the jury. It is contended by the respondent that the proofs were not submitted to the jury, and the record fails to show that they were. The proof was properly admitted for the purpose of showing that the plaintiff had complied with the terms of the policy in furnishing such proofs, even though this was a question for the court alone to determine. These proofs, however, subsequently became relevant in relation to the defense set up that the plaintiff had sworn falsely therein.

It is further contended that the court erred in allowing two depositions to be read in evidence. These depositions were taken a short time before the cause was brought to a trial, for the reason that the witnesses were about to depart from the jurisdiction of the court. It is not claimed that there were not sufficient grounds for taking them in the first instance, but it is contended that under § 1677, Code Proc., it should have been made to appear at the trial by the party offering them that the witnesses could not be brought to testify in person. We are of the opinion that this point is not well taken. Nothing appearing to the contrary, it will be presumed that the reasons which existed at the time the depositions were taken, and which authorized them, were still in existence at the trial, and it was incumbent on appellant to show otherwise to avail itself of such objection.

It is further contended that the verdict is unsupported by the evidence, and that no recovery should have been allowed upon the ground that the plaintiff swore falsely in making his proofs of loss aforesaid. A good deal of testimony was introduced upon the part of the defendant to the effect that it would have been impossible for the plaintiff to have sustained the loss claimed by him under the circumstances which were proven to have existed. There was some counter evidence, however, and the whole matter

was for the jury to determine, and in finding for the plaintiff it must be held that they found for him upon all of these issues. We are of the opinion that there was testimony sufficient to sustain the verdict, and that there is no ground for any interference therewith by an appellate court in this particular.

The last error alleged is, that the court erred in refusing to permit the defendant to prove the damage to the building by the fire in question, in order to show the extent of the fire. An inspection of the record shows that the court did permit proof of the extent to which the building was damaged, but refused to allow the defendant to prove what it would cost to repair the building.

We find none of the points alleged as error to be well taken, and the judgment is, therefore, affirmed.

DUNBAR, C. J., and STILES, ANDERS and HOYT, JJ., concur.