[No. 5020.  Decided December 13, 1904.]

JAMES S. GRANT, *Appellant,* v. MICHAEL M. WALSH, *Respondent.*[1]

PLEADINGS—ACTION ON CONTRACT OR FOR CONVERSION—COMPLAINT—PLEADING AND PROOF—NONSUIT. Where a complaint sets forth a contract whereby the defendant agreed to organize a corporation and deliver to plaintiff a certain number of shares of the stock in payment for a mining claim, and alleges that, after full performance by the plaintiff, the defendant refused to deliver the stock, but caused the shares to be issued to himself, and there is sufficient evidence that the defendant violated such contract by failing to deliver the stock, it is error to grant a nonsuit on the theory that the action was for a conversion of the stock, there having been no evidence that the defendant had received the shares himself; since, under the code, the complaint is but a plain statement of the facts, and it alleges a violation of the contract in the defendant's failure to make payment as agreed upon.

ASSIGNMENT—ACTIONS—PARTIES. The assignee of the rights of parties entitled under a contract to certain shares of stock may bring an action in his own name for a violation of the contract.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered July 3, 1903, upon granting

[1]Reported in 78 Pac. 786.

a nonsuit at the close of plaintiff's case, after a trial before the court and a jury, in an action on contract. Reversed.

*B. C. Mosby,* for appellant.

*H. S. Stoolfire* and *John C. Kleber,* for respondent.

DUNBAR, J.—This is an action by the appellant, who was locator and owner of the Buckhorn mining claim, situated in Okanogan county, state of Washington, upon a written agreement entered into between the appellant and the respondent, the respondent acting as trustee for certain other parties referred to in the agreement, viz., Patrick Donley, Gustavus A. Hutchinson, and John J. Stephens. The paper writing or agreement referred to is in the words and figures following:

"Escrow Deed. Jas. Grant to M. M. Walsh.

"To Republic Bank.

"½ in. in Buckhorn M. claim, Myers Ck., Okanogan Co., Wash. Consideration $200—to be paid to said Grant on receipt by this bank of a satisfactory abstract of title to said mining claim, then this deed to be delivered to said Walsh; he is to incorporate the said Buckhorn Mining claim; the capital stock of said incorporation is not to exceed 1,000,000 shares of the par value of $1 per share, non-assessable; 150,000 shares of said capital stock is to be delivered to the said Jas. S. Grant as soon as corporation is complete; not less than 300,000 shares of said stock to be placed as Treasury stock for the exclusive benefit of the corporation; the remainder of the stock to be divided equal between said Walsh and other owners other than said Grant; in case all agreements above mentioned are not well and truly carried out by said parties, then this deed to be void and of no effect.

"Witness:    J. H. Hughes.    (Signed) M. M. Walsh.
"June 20th, 1898.                    James S. Grant."

The complaint alleges, that the abstract was furnished and the deed delivered; that subsequently the defendant, together with the other owners of said mining claim, in lieu of incorporating a company to take over said claim, conveyed to a company already incorporated, namely, the Monterey Gold Mining Company, the whole of said Buckhorn mining claim; to all of which the plaintiff consented as a virtual compliance with and performance of said agreement requiring the defendant to incorporate said company; that the said Monterey Gold Mining Company was then, and is now, incorporated under the laws of the state of Washington, with a capital stock of 1,000,000 shares, with a par value of $1 per share, and non-assessable. It is alleged, that 150,000 shares of the stock of said company were delivered to the plaintiff herein in his own right; that 300,000, and no more, shares of the stock of said company were placed and retained in the company treasury for the exclusive benefit of the said corporation; that the other owners of the Buckhorn mining claim, who are alluded to in said agreement, were, besides the defendant himself, only John J. Stephens, Gustavus A. Hutchinson, and Patrick Donley; that the balance of shares of said stock, to be equally divided among the other said owners, including the defendant, was 550,000 shares; that there was actually divided among the aforesaid Stevens, Hutchinson, and Donley, and to them delivered in compliance with the terms of said agreement, altogether but 262,500 shares of the stock of the said Monterey Gold Mining Company; that the defendant, without authority, caused to be issued and delivered to himself the entire remaining amount of said stock, namely, 287,500 shares; and it is alleged that, of the 550,000 shares to be equally divided as aforesaid, there remained undivided and unde-

livered to said Stephens, Hutchinson, and Donley, a
balance of 150,000 shares; that the interests of the said
Hutchinson, Stephens, and Donley to the undivided
shares were duly assigned for a valuable consideration
to the plaintiff; that all of the precedent conditions of
the aforesaid agreement, which were to be performed by
the plaintiff, have been by him performed; that the de-
fendant, though often requested to execute the said
agreement by delivering and transferring to the plaintiff,
as assignee of said Donley, Stephens, and Hutchinson,
the balance of the shares of stock stipulated for in the
agreement aforesaid, had wantonly and wrongfully re-
fused to make such delivery and transfer; alleging dam-
ages for such detention.

The complaint is too long to set forth in this opinion,
but the substantial and material portions of the complaint
are as quoted above. We are referring now to the second
amended complaint. The answer substantially denies
the allegations of the complaint; denies that the stock of
the Monterey Gold Mining Company was of any value
whatever; denies that the paper writing set forth in the
complaint was an agreement between the parties to the
action, but alleges that it was only a partial memorandum
of the actual agreement, which was a verbal agreement,
and was entered into only for the purpose of governing
the action of the Republic Bank, in making the delivery
of the deed by Grant to the defendant, for the undivided
interest owned by said Grant in said Buckhorn mining
claim; and alleges that the said Hutchinson, Stephens,
and Donley had no interest, either legal or equitable, in
the 287,000 shares mentioned in the complaint; that they
had no interest, either legal or equitable, in the one-half
interest in said claim which plaintiff transferred to de-
fendant, nor did they or either of them pay any part of

the consideration for which plaintiff transferred to defendant the said one-half interest in the said claim; nor was the said paper writing made for their benefit or either of them; nor did they or either of them ever transfer any property to the defendant or the said company, as a compliance with its terms; but that all demands of the plaintiff as to the purchase of the said half interest in the said claim, and of said agreement and paper writing, were fully satisfied by the delivery to the plaintiff by the defendant of $200 in cash, and by the transfer to the plaintiff by the defendant of 150,000 shares of the stock in the Monterey Gold Mining Company; and that the plaintiff received the same as full settlement of the said agreement and paper writing; and that every condition of the agreement entered into between the plaintiff and the defendant had been performed by the defendant.

The reply denied the affirmative matter of the answer. The answer and reply are, also, long and circumstantial, but upon these material issues the case went to trial. After the introduction of the testimony of the plaintiff, the defendant moved for a nonsuit, on the ground of insufficiency of the evidence to sustain the plaintiff's complaint. This motion was granted by the court, on the theory that the action was an action for conversion, and that it had not been shown that the stock was, or had been, in the possession of the defendant. Judgment was entered in favor of the defendant for costs, and this appeal is prosecuted from such judgment.

We think the court erred in sustaining the motion for nonsuit. Under the provisions of our code, a complaint is a plain statement of the facts upon which the plaintiff relies for relief. The facts, as stated in this complaint, are that an agreement was entered into between the plain-

tiff and the defendant, which agreement bound the defendant to incorporate a company, issue 150,000 shares to the plaintiff, deposit 300,000 shares as treasury stock, and to issue the balance of the 1,000,000 shares, which was to be the amount of the shares, equally between the defendant and the other owners, who were, according to the plaintiff's contention, Donley, Hutchinson, and Stephens; and, according to the allegations of the complaint, this agreement had only been partially performed, and 287,000 of the shares, which were to have been issued to the respondent and the others mentioned, had not been issued. It is true that the complaint alleges that the respondent had these shares issued to himself, and it is also true that there was no proof to sustain this allegation. But the other allegation of the complaint—that the plaintiff had refused to carry out the conditions of the contract by refusing to issue this stock to the parties to whom, under the agreement, it was to have been issued—is a good allegation of violation of the contract. If the defendant had neglected or refused to have issued to the plaintiff the 150,000 shares of stock which the contract provided should be delivered to the plaintiff, there is no question but that the plaintiff would have had an action against the defendant for a violation of his contract; and he could not have had an action against the corporation, for he had no contractual relations with the corporation, his contract being exclusively with the defendant. The other parties to the contract, namely, Stephens, Hutchinson, and Donley, would have had the same right of action against the defendant, if the amount of shares which he agreed to issue to them had not been issued in accordance with the agreement. The assignment of their right to these shares to this plaintiff carried with it all the rights that the assignors

had against the defendant; hence, he had a right to bring this action on the assigned claims against the defendant for a violation of the contract.

We think there was sufficient testimony offered by the plaintiff, which if uncontradicted, would have sustained a judgment against the defendant for violating his contract. That being true, there was sufficient to submit to the jury, and the judgment will therefore be reversed, with instructions to try the issues on the pleadings as finally settled by the trial court.

FULLERTON, C. J., and ANDERS, MOUNT, and HADLEY, JJ., concur.