[No. 5026.  Decided March 30, 1905.]

CASH MOORE, *Appellant,* v. THE NATIONAL ACCIDENT

SOCIETY, *Respondent.*[1]

INSURANCE—NOTICE OF ACCIDENT—PROOF OF LOSS—FAILURE TO
OBJECT—ESTOPPEL. Where the secretary of an insurance com-
pany resists payment and refuses to treat with the insured sole-
ly on the ground that notice was not given within the time
limited, the company is estopped, in an action on the policy, to
set up the defense that proofs of loss were not furnished within
the time required after giving the notice.

SAME—SECRETARY OF COMPANY—WAIVER OF PROOFS OF LOSS. The
acts of. a secretary of an insurance company, in waiving proofs
of loss, must be held to be the acts of the company, where he
is the officer to whom the policy requires notice to be given.

·  Appeal from a judgment of the superior court for Kit-
titas county, Rudkin, J., entered June 19, 1903, upon
granting a nonsuit, after a trial before the court and a
jury, dismissing an action upon a policy of accident in-
surance.  Reversed.

·  *Mires & Warner* and *Graves & Englehart,* for appellant.

*Whitson & Parker,* for respondent.

FULLERTON, J.—On November 9, 1899, the appellant
purchased an accident insurance policy from the re-
spondent, by the terms of which the respondent insured
him for a limited period against the effects of bodily in-
jury caused solely by external, violent, and accidental
means, agreeing to pay him, if wholly disqualified from
transacting business by any such injury, the sum of $25
per week for a period of fifty-two weeks, if his disability
continued so long.  · Among the conditions of the policy
was one to the effect that a failure, on the part of the
insured or his beneficiary, to give notice to the company

[1]Reported in 80 Pac. 171.

of an injury to the insured, for a period of ten days after the injury occurred, should invalidate the policy. The appellant was injured and totally disabled while the policy was in force, and, when he demanded payment for his loss, was met with a refusal on the part of the company on the ground that he had not given notice of his injury within ten days, as provided in the policy. He thereupon brought this action to recover upon the policy. At the trial, which was being had before the court and a jury, the respondent moved for a nonsuit, at the close of the appellant's case, which motion the court granted, entering a judgment dismissing the action.

The grounds upon which the motion to dismiss were granted are not made to appear in the record, but it is gathered from the briefs of counsel that the decision was rested on the ground that the appellant did not furnish proofs of his injury, within the period limited, after giving notice to the company that he had received an injury. We think, however, that the respondent was estopped to urge this defense. The policy provided that written notice should be given to the secretary of the company at New York, by the insured, or by the beneficiary under the policy, stating full particulars of the accident and injury, within ten days from the date of the injury. There was evidence introduced at the trial tending to show that this notice was furnished, also letters from the secretary denying receiving timely notice of the accident, and denying liability on the part of the company solely on the ground that timely notice was not given it of the accident. So persistent was the secretary in asserting want of notice to be the ground of the refusal to pay, that, after the claim had been put into the hands of attorneys, and the company had been notified that an action would be begun unless a settlement was made, he wrote these attorneys insisting on the non-liability of the company be-

cause of the want of timely notice, and at the same time furnished them with a list of adjudicated cases from other jurisdictions where the law had been announced in accord- ince with his interpretation of it. As the company denied its liability and refused to treat with the insured on the ground of want of timely notice, its action amounted to a waiver of any other objection, and it is not now at liberty to vary its ground and insist that the appellant cannot recover because he failed to comply with some other con- dition of the policy. *Hennessy v. Niagara Fire Ins. Co.* 8 Wash. 91, 35 Pac. 585, 40 Am. St. 892; *Castner v. Farmers' Mut. F. Ins. Co.,* 50 Mich. 273, 15 N. W. 452. Nor is there any question that the acts of the secretary were the acts of the company. He was the officer of the company to whom the policy directed the appellant to give the no- tice, and his responses thereto must be held, for that reason, to be the responses of the company.

We conclude, therefore, that the trial court erred in taking the case from the jury and dismissing the action. The judgment appealed from is reversed and the cause remanded with instructions to grant a new trial.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.