[No. 5902.   Decided February 1, 1906.]

JAMES S. GRANT, *Appellant,* v. MICHAEL M. WALSH,
*Respondent.*[1]

TRIAL — LAW OF CASE — CONTRACT TO ORGANIZE CORPORATION —
FORMER CONSTRUCTION.  Where W and G, two of the joint owners of
a mine, entered into a contract whereby one of them agreed to
organize a corporation, making a certain appropriation of the capital
stock, "the remainder of the stock to be divided equally between said
W and other owners than said G," and the supreme court on appeal
has construed such contract to entitle the other owners to their
proportion of the stock, it becomes the law of the case; and on a
second appeal it cannot be objected that the contract was signed only
by W and G, and that the other owners were not interested therein
(MOUNT, C. J., dissenting).

CORPORATIONS—CONTRACT FOR ORGANIZATION—DIVISION OF STOCK—
CONSTRUCTION.  Upon an action by the assignee of former owners of
a mine to recover certain capital stock in a corporation, agreed by
the defendant to be delivered to such owners as the purchase price
of the mine, the defendant is entitled to a deduction of the stock
which all of the parties had subsequently agreed should be set aside
for the benefit of the company (MOUNT, C. J., dissenting).

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered June 2, 1905, upon findings in
favor of the defendant, after a trial on the merits before the
court without a jury, in an action on contract.   Reversed.

*B. C. Mosby,* for appellant.

*H. S. Stoolfire,* for respondent.

ROOT, J.—The appellant was the locator and owner of the
Buckhorn mining claim, situated in Okanogan county.   He
sold an undivided one-half interest in the property to Patrick
Donley and Gustavus A. Hutchinson, and these purchasers
took into an equal partnership with themselves in said prop-
erty John J. Stevens and Michael M. Walsh, this respondent.
Some time thereafter, appellant and respondent executed the
following instrument, concerning the other one-half interest:

1Reported in 83 Pac. 1113.

"Escrow Deed.    Jas. Grant to M. M. Walsh.
"To Republic Bank:

"½ in. in Buckhorn M. claim, Myers Ck., Okanogan Co.,
Wash.   Consideration $200—to be paid to said Grant on
receipt by this bank of a satisfactory abstract of title to said
mining claim, then this deed to be delivered to said Walsh;
he is to incorporate the said Buckhorn Mining claim; the
capital stock of said incorporation is not to exceed 1,000,000
shares of the par value of $1.00 per share, non-assessable;
150,000 shares of said capital stock is to be delivered to the
said Jas. S. Grant as soon as corporation is complete; not
less than 300,000 shares of said stock to be placed as treasury
stock for the exclusive benefit of the corporation; the re-
mainder of the stock to be divided equal between said Walsh
and other owners other than said Grant; in case all agree-
ments above mentioned are not well and truly carried out by
said parties, then this deed to be void and of no effect.
(Signed) M. M. Walsh, James S. Grant."

Thereafter respondent paid appellant the $200 mentioned
in said instrument.   Instead of incorporating a new company,
it was agreed by all parties concerned that the mining claim
should be transferred to the Monterey Gold Mining Company,
already incorporated, and its stock divided in the same pro-
portion as would have been that of the new company which
it was originally intended to incorporate.   One hundred and
fifty thousand shares of the capital stock of the Monterey
company was consequently issued and delivered to appellant,
and 300,000 shares of said stock was placed in the treasury
of the corporation for its benefit.   Eighty-seven thousand five
hundred was issued to Donley, Hutchinson and Stevens, each.
Some time thereafter each of these three men made an assign-
ment, conveyance, and bill of sale of all of his right, title, and
interest in and to said corporation and its property over and
above the said 87,500 shares of stock, received as aforesaid,
said transfer, conveyance, and bill of sale being made to
this appellant.   The latter then demanded from respondent
150,000 shares of the capital stock, it being his claim that
each one of the three men mentioned was entitled to 50,000

shares of stock over and above the 87,500 which he had received. All of the stock of the corporation. had theretofore been issued to respondent, excepting the treasury stock and the stock issued to appellant and the three other men, as hereinbefore mentioned. Respondent refused to transfer to appellant said 150,000 shares demanded, or any portion thereof, claiming that each of said men had received the full amount due him when he received the 87,500 shares, and that said amount had been received and accepted by each of said men as the full amount due him, and that the conduct of each of said men and of appellant in connection with the corporation, and in the matter of voting their stock at stockholders' meetings, was such as to estop appellant, and each and all of said three men, from asserting any claim to any greater amount than the said 87,500 shares. The case must turn upon the construction to be given the instrument hereinbefore set forth.

Respondent claims that Donley, Hutchinson and Stevens, although referred to in said instrument, were not parties thereto, and had no interest whatever therein; that appellant was one party to said agreement and that respondent alone was the other party and beneficiary; that said three men referred to had no interest in, through, or under said agreement. Appellant maintains that each of said men had an equal interest with respondent in the property involved in said transaction. This case was before this court once before, and the opinion rendered is found in 36 Wash. 190, 78 Pac. 786. The construction by this court, placed upon the instrument hereinbefore set forth, seems to be in accordance with appellant's contention, and contrary to the interpretation contended for by respondent and accorded by the trial court at the last trial. This court having at that time placed an interpretation upon this contract, the same should have been accepted as the law of the case, and as binding upon the trial court.

We therefore think that appellant, under the contract as

heretofore construed and the assignments made by the three persons mentioned, became the owner of one hundred and fifty thousand shares of the capital stock, in addition to that already received. Of this amount we think, however, that he is rightfully entitled now to only one hundred thousand shares. Upon the 23d of February, 1899, all of the stockholders entered into an arrangement by which they set aside one third of their stock to be sold for the benefit of the company. Respondent then set aside ninety-five thousand as his pro rata share, this being one-third of all of his holdings, including the amount of stock in controversy herein. Appellant thereby set aside fifty thousand of his shares, being one-third of his original one hundred and fifty thousand only. As a matter of equity and justice, we think respondent should have credit for fifty thousand, which was a third of the stock involved herein.

The judment of the honorable superior court is reversed, with instructions to enter judgment in favor of appellant against respondent for the delivery of one hundred thousand shares of the stock; and if said stock cannot be delivered within a reasonable time, that appellant be given judgment for the value of said stock as of the present time, or as of any date appellant may elect since making his demand upon respondent for the delivery of said stock. Costs to appellant.

DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.

MOUNT, C. J., dissents.

CROW, J., took no part.