[No. 7083.    Decided April 22, 1908.]

CASH MOORE, *Respondent*, v. THE NATIONAL ACCIDENT SOCIETY, *Appellant*.[1]

APPEAL—REVIEW—LAW OF CASE. Upon appeal from a judgment of nonsuit, in an action on an insurance policy, a decision that the defendant waived all other objections by denying liability because of want of timely notice, is the law of the case, and upon a retrial by stipulation, on the same record, the defendant cannot raise the objection that the action was not commenced within the time limited by law, not raised on the first trial, and is consequently confined to the sufficiency of the notice.

Appeal from a judgment of the superior court for Kittitas county, Rigg, J., entered April 17, 1907, upon findings

[1]Reported in 95 Pac. 268.

in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action upon a policy of accident insurance. Affirmed.

*Fred Parker*, for appellant.

*Austin Mires* and *Graves & McDaniels*, for respondent.

Crow, J.—This action was brought by plaintiff to recover benefits under an accident insurance policy. Upon the first trial a judgment of nonsuit was rendered against plaintiff, which judgment was subsequently reversed by this court. 38 Wash. 31, 80 Pac. 171. Upon the remanding of the case, a second trial was had, resulting in a judgment in favor of plaintiff, from which defendant prosecutes this appeal.

Appellant raises but one question, to wit: "Was this action commenced within the time limited by the contract of the parties as expressed in the policy itself?" Respondent contends that this question was necessarily involved in the decision of the case upon the former appeal, and that its determination then against the present appellant is now conclusive. We think this contention must be unheld. Pursuant to stipulation of the parties, the last trial was had upon the same record and evidence used at the former trial. Hence if the form of the record and evidence could now present the question mentioned, it must have done so on the first trial and appeal. In its opinion upon the former appeal, this court said:

"As the company denied its liability and refused to treat with the insured on the ground of want of timely notice, its action amounted to a waiver of any other objection, and it is not now at liberty to vary its ground and insist that the appellant cannot recover because he failed to comply with some other condition of the policy."

There was consequently no question left for determination except that as to the sufficiency of the notice of the accident. The decision became the law of the case and conclusive against this appellant as to the question now sought to be raised.

*Wheeler v. Aberdeen,* 47 Wash. 405, 92 Pac. 135; *Grant v. Walsh,* 41 Wash. 542, 83 Pac. 1113.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, MOUNT, and ROOT, JJ., concur.