[No. 12322.    Department One.    April 20, 1915.]

## STATE BANK OF CLARKSTON, *Respondent*, v. F. G. MORRISON, *Appellant*.[1]

DEPOSITIONS—OBJECTIONS—WAIVER.  A general objection to the reading of a deposition of a witness at the time it was offered in evidence, without basing the objection upon some specific ground of inadmissibility, waives the necessity of the opposing party proving that the deposition was authorized under the statute.

BILLS AND NOTES—INDORSEMENT—CONSIDERATION.  Under Rem. & Bal. Code, § 3415, providing that every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value, the burden is upon an accommodation indorser to show that the indorsement was without consideration to him or to the makers.

BILLS AND NOTES—ACTIONS—SUFFICIENCY OF EVIDENCE—CONSIDERATION FOR INDORSEMENT.  In an action on a promissory note, consideration for a guarantee by an accommodation indorser, is sufficiently shown, where there was evidence that the bank examiner was requiring payment or securing of four certain notes held by the bank, all executed by the same makers; that the president of the bank entered into an agreement with defendant, who was interested with the makers and had previously accommodated them, not to bring suit on the note if the latter would guarantee the note in controversy; that defendant did guarantee the note in consideration that suit should not be immediately brought thereon; and paid interest and acknowledged his personal liability thereon; and that, as part of the same transaction, the president of the bank had himself taken up the three other notes so that suit might not be brought thereon.

Appeal from a judgment of the superior court for Asotin county, McCroskey, J., entered June 16, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a promissory note.    Affirmed.

*C. H. Baldwin* and *Geo. W. Tannahill*, for appellant.

*E. J. Doyle, John C. Applewhite*, and *Fred E. Butler*, for respondent.

[1]Reported in 147 Pac. 875.

MOUNT, J.—This action was brought by the plaintiff to recover upon a promissory note for the principal sum of $2,770, signed by the defendants W. A. Elliott and A. D. Gritman, and alleged to have been guaranteed in writing by the defendant F. G. Morrison. The defendants Elliott and Gritman defaulted, and a judgment by default was entered against them. F. G. Morrison answered, admitting that he indorsed the note after it had been executed, and alleged, in substance, that the indorsement was for the sole accommodation of the bank, and not for the accommodation of the makers; that the indorsement was without consideration, and, for that reason, he was not liable on the note. The answer further alleged that the note had been materially altered after his indorsement, and, for this reason, he was not liable thereon. Upon these issues the case was tried to the court and a jury. A verdict was returned in favor of the plaintiff for the amount of the note, with interest, against the defendant Morrison. Thereafter, a judgment was entered upon the verdict. The defendant Morrison only has appealed.

The respondent moves to dismiss the appeal because it is claimed that the defendants Elliott and Gritman appeared in the action and were not served with the notice of appeal. In view of the fact that we are not clear that the action should be dismissed, and in view of our conclusion that the case must be affirmed upon the merits, we deem it unnecessary to pass upon the motion.

A number of errors are assigned by the appellant in his opening brief, but he is content to rest upon two points: First, that the court erred in not striking a deposition of Ethel A. Clark, and second, that no new consideration is shown for Morrison's guarantee; that the consideration relates to a past transaction, and is void and unenforceable.

Prior to the trial of the case, notice was served upon counsel for the appellant to the effect that, on a certain day, the deposition of this witness would be taken in a certain office of a notary public in the city of Clarkston, in the county of

Asotin.  Pursuant to this notice, the deposition of Miss Clark was taken, and was offered to be read in the evidence, when counsel for the appellant stated: "I think I will object to it and save the record."  No specific objection was made at that time.  The deposition was then read to the jury.  Afterwards, at the close of the case, the appellant moved the court to instruct the jury to disregard the deposition, for the reason that no foundation had been laid for taking the deposition as required by Rem. & Bal. Code, § 1231 (P. C. 81 § 1079), because it was not shown that the witness resided out of the county or more than 20 miles from the place of trial, or that the witness was about to leave the county to go more than twenty miles from the place of trial, and will probably continue absent when the testimony is required, or that the witness is sick, infirm or aged so as to make it probable that she will not be able to attend the trial, or that the witness resides out of the state.  The court denied this motion.  It is now argued by the appellant that this was error.

If the taking of the deposition was not based upon any of the statutory grounds, that fact should have been called to the attention of the court, and the reason for the objection should have been given at the time the deposition was read in evidence.  No reason was stated for the objection at that time.  If was clearly the duty of the appellant to object to the deposition upon some specific ground, in order that the plaintiff who offered the deposition might, if he could, prove that it was authorized under the statute.  Not having made such objection at that time, the appellant waived it.  In the case of *Hennessy v. Niagara Fire Ins. Co.*, 8 Wash. 91, 35 Pac. 585, 40 Am. St. 892, where two depositions were taken a short time before the case was brought to trial, for the reason that the witnesses were about to depart from the jurisdiction of the court, and where it was claimed that these depositions were improper, this court said:

"It is not claimed that there were not sufficient grounds for taking them in the first instance, but it is contended that

under § 1677, Code Proc., it should have been made to appear at the trial by the party offering them that the witnesses could not be brought to testify in person. We are of the opinion that this point is not well taken. Nothing appearing to the contrary, it will be presumed that the reasons which existed at the time the depositions were taken, and which authorized them, were still in existence at the trial, and it was incumbent on appellant to show otherwise to avail itself of such objection."

Under this rule, the respondent might have shown, at the trial at the time the deposition was read, that the witness was not within the county, or not within 20 miles of the county· seat; and clearly if such fact had been shown, it would have been proper to read the deposition in evidence. Or, if the appellant desired to rely upon the reception of this deposition as error, he should have shown that the witness was within 20 miles of the place of trial, or was within the county at that time, and the witness' oral evidence obtainable. We think there is no merit in this point.

It is strenuously argued by the appellant that there was no consideration shown for the note; and it is contended, for that reason, the court should have sustained a motion for nonsuit at the close of the plaintiff's evidence, and directed a verdict at the close of all the evidence. It was conceded at the trial that the appellant had indorsed this note. The statute provides, Rem. & Bal. Code, § 3415:

"Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

It is plain, under this statute, that it was not necessary for the plaintiff to prove that the indorsement was for value. The fact that the appellant indorsed the note imports value and consideration under the statute. The burden, therefore, was upon the appellant to show that the indorsement was without consideration moving either to him or to the makers of the note.

The president of the respondent bank testified that the bank held this note in suit, and three other notes against the same makers; that the bank examiner had instructed the officers of the bank to either collect these notes by suit or to secure the same; that, knowing that the appellant, Mr. Morrison, was interested with the makers of these notes, and had accommodated them upon previous occasions, he went to the appellant and stated to him, in substance, that suit would be brought upon these notes unless they were secured; and that thereupon the appellant agreed to and did guarantee payment of this particular note upon consideration that a suit would not immediately be brought thereon. And the president of the bank also testified that, as a part of the same transaction, he himself agreed that, if the appellant would guarantee the payment of this note for $2,770, the president of the bank would take up the three other notes, amounting to $4,000, against the same makers, so that suit might not be brought upon any of the notes, which he did; and that thereafter for many months suit was not brought upon the notes because of the guarantee, and the appellant paid interest thereon and acknowledged his personal liability. The appellant denied this agreement, and testified, in substance, that he indorsed the notes simply for the accommodation of the bank, and not for the accommodation of the makers of the notes. There was a sharp issue of fact upon the question of consideration, and thus a question of fact for the jury. It is not claimed that the court improperly instructed the jury upon these points. The instructions, which are in the record, fully and fairly cover the questions, and properly submitted them to the jury. The jury found in favor of the plaintiff, finding that the presumption of indorsement for value was not overcome by the evidence offered on the part of the appellant.

We find no error in the record, and the judgment is therefore affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and CHADWICK, JJ., concur.