[No. 22442. Department One. August 25, 1930.]

GRETCHEN V. GILL, *Appellant*, v. MASSACHUSETTS BONDING & INSURANCE COMPANY, *Respondent*.[1]

*O. C. Moore,* for appellant.
*Williams & Cornelius,* for respondent.

BEALS, J.—Plaintiff, the holder of a policy of accident insurance written by defendant, brought suit upon the policy, alleging that she had suffered bodily injury which entitled her to receive from defendant certain payments under the policy, of which she was the owner. In her complaint, plaintiff alleged the issu-

[1]Reported in 290 Pac. 698.

ance by defendant of a policy of accident insurance in her favor under date June 21, 1926, a copy of the policy being attached to the complaint as an exhibit. Paragraph III of plaintiff's complaint reads as follows:

"That on the 30th day of October, A. D. 1928, during the life of the aforesaid policy, this plaintiff, exclusive of all other causes, sustained bodily injuries resulting directly and solely through external, violent and accidental means, in consequence and on account of which alone she was immediately and wholly disabled and incapacitated to perform and prevented from performing any and every duty pertaining to her occupation, and that she continuously ever since has been and still is so incapacitated;"

after which plaintiff alleged due performance on her part of all things required under the policy to be by her done and performed, and that she was entitled to receive from defendant an indemnity of $100 per month from the date of the accident, which defendant had refused to pay.

By its terms, the policy issued to plaintiff covered the period from the date of its issuance to August 1, 1926, "and for such time thereafter as the premiums paid by the insured as herein agreed will maintain this policy in force," the insured having the right to continue the policy in force upon payment of a monthly premium of $1.25 within periods limited by the policy.

Answering paragraph II of plaintiff's complaint, in which the issuance of the policy was alleged, defendant admitted the allegations therein contained, "but denies that the policy of insurance mentioned was in force on October 30, 1928." After denying the other allegations of the complaint, defendant pleaded, as an affirmative defense,

". . . that no written notice of the alleged injury of plaintiff was given this defendant within

twenty days after the date of the said alleged accident which it is alleged caused said injury.''

This affirmative defense was denied by plaintiff in her reply.

The action was tried to the court sitting without a jury, the trial court making a finding of fact to the effect that plaintiff had failed and neglected to pay the premium under the terms of the policy for the months of September and October, 1928. The court, in addition, found that the provisions of the policy requiring plaintiff to give notice of any injury within twenty days after the occurrence of the accident had been waived by defendant.

Concluding that the policy had lapsed by reason of nonpayment of the premiums, payment of which was required to keep the policy in effect, the court entered judgment in defendant's favor, dismissing the action, from which judgment plaintiff appeals.

Appellant argues that, under the pleadings, the only defense available to respondent (assuming that appellant's injury was proven) was that which it pleaded affirmatively, to the effect that appellant had failed to give notice of her injury within the time limited by the terms of the policy, appellant contending that no issue was raised by respondent's answer upon the question as to whether or not the policy was in effect at the time of appellant's injury. In support of her contention, appellant argues that, because respondent pleaded affirmatively, as a defense to the action, that appellant had given no written notice of her injury within the time limited by the policy for the giving of such notice, respondent waived other defenses which may have existed in its favor, and which would, if pleaded and proven, have constituted a defense to the action. In support of her position on this

question, appellant cites several authorities from this and other courts.

In the case of *Moore v. National Accident Society,* 49 Wash. 312, 95 Pac. 268, this court quoted the following from its opinion upon a prior appeal in the same case:

" 'As the company denied its liability and refused to treat with the insured on the ground of want of timely notice, its action amounted to a waiver of any other objection, and it is not now at liberty to vary its ground and insist that the appellant cannot recover because he failed to comply with some other condition of the policy.' "

This court refused to consider the question of whether or not the action had been commenced within the time limited by the contract, holding that that question should have been raised at or prior to the first trial. In the opinion of this court on the first appeal, *Moore v. National Accident Society,* 38 Wash. 31, 80 Pac. 171, this court held that the evidence introduced on behalf of plaintiff showed that the defendant had rejected plaintiff's claim because of want of timely notice of the injury, the claim being based upon an accident policy, and that the defendant could not rely, in its motion for a nonsuit, upon some supposed failure of the plaintiff to furnish proofs of his injury within the time limited by the contract.

In the case of *Burbank v. Pioneer Mutual Insurance Association,* 60 Wash. 253, 110 Pac. 1005, it was held that, in a suit upon a fire insurance policy, defendant, having, through its duly authorized agent, denied all liability to plaintiff, waived the making of proofs of loss as required by the policy.

Neither of these decisions of this court, nor the other cases and texts cited by appellant, under the pleadings herein, require a holding that either by its

answer or by its conduct respondent waived its right to urge that appellant was not entitled to recover against it upon the policy sued upon, by reason of her failure to keep the policy in good standing.

Appellant next urges that respondent not having pleaded as an affirmative defense appellant's failure to keep the policy in good standing, no issue as to the payment or nonpayment of premiums connected with the policy was presented, and that the trial court erred in hearing evidence on that question. Appellant framed her complaint pursuant to Rem. Comp. Stat., § 288, which reads as follows:

"In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading shall be bound to establish, on the trial, the facts showing such performance."

Appellant argues that, with the exception of the affirmative allegation that no written notice of injury was furnished by appellant within twenty days, the answer consists exclusively of general denials, and that, the execution and delivery of the policy being admitted, any failure by appellant to make the payments necessary to keep the policy in force must be affirmatively alleged, and that the answer raised no issue as to such payment.

We do not agree with appellant in her construction of respondent's answer. While it would have been proper, and probably the better practice, had respondent set forth in a separate and further affirmative defense allegations showing that it contended that the policy had lapsed by reason of appellant's failure to make the payments necessary to keep the same in force, respondent did, as above indicated, expressly

deny that the policy of insurance was in force on the date of appellant's injury. Appellant did not move to strike this allegation upon the ground that the same was for any reason improper, and the cause went to trial upon the answer as originally filed.

Under our liberal rules for the construction of pleadings, we hold that, under this denial, respondent could lawfully offer evidence to the effect that appellant's policy of insurance was not in force on the date appellant was injured, because appellant had failed to pay the premiums required to keep the policy alive for the months of September and October, 1928. It does not appear from the record that appellant offered any testimony which tended to prove that respondent had waived any right to urge this defense, and which testimony the court rejected, nor did appellant request any continuance to enable her to procure other testimony which she was not prepared to present because of her belief that, by the pleadings, respondent had admitted that the policy was in full force and effect at the time of her injury.

The case of *Taylor v. Modern Woodmen of America,* 42 Wash. 304, 84 Pac. 867, cited by appellant in support of her argument that respondent's answer raised no issue upon the question of the continuance of the policy in force, is not controlling. In that case, it was held that, plaintiff having alleged generally the performance of all conditions required by the policy, as appellant did in her complaint herein, a general denial of the allegations of plaintiff's complaint, coupled with certain affirmative allegations as to the failure of plaintiff's intestate to comply with the provisions of the by-laws of defendant, a fraternal insurance corporation, raised no issue as to whether or not the insured had been in sound health at the date of the delivery to him of the policy of insurance; the

court holding that the general denial as pleaded was insufficient to raise an issue as to a breach of a condition precedent, it being necessary that a defendant who desired to rely upon a breach of any such condition should in his pleadings specifically point out the condition and breach upon which he relied.

Appellant also cites the case of *Port Blakely Mill Co. v. Hartford Fire Insurance Co.*, 50 Wash. 657, 97 Pac. 781, in which, in an action upon fire insurance policies, this court held that, as to conditions subsequent to the date of the issuance of the policies sued upon, such condition and the breach thereof should have been specially pleaded by the insurer, if relied upon as a defense in an action upon the policies.

The policy sued upon herein was issued June 21, 1926, in consideration of a "policy fee" and a small premium which continued the policy in effect to the first of August following, that being the original term of the policy for which payment was made at the date of issuance. The policy provided that it should continue in force as long as the monthly premiums should be paid, and contained provisions for reinstatement, subject to certain limitations, upon payment of premium after the expiration of the period of grace allowed by the policy for the payment of the sums necessary to maintain the same in effect.

We conclude that the allegations contained in respondent's answer above referred to distinguish this case from the authorities relied upon by appellant, and that, upon the state of the pleadings, the trial court properly ruled that respondent could submit evidence to the effect that appellant had allowed her policy to lapse prior to the date she was injured, and that on the date of the injury the policy was not in force. It does not appear in the decisions to which we have referred, and others cited by appellant, that the answers

in those actions contained any such denial of the fact that the policy was in effect on the date of the loss as is contained in respondent's answer herein. The cases are, therefore, not controlling, and we hold that the evidence of which appellant complains was properly admitted.

■ Finally, appellant contends that the testimony introduced by respondent was insufficient to establish the fact that appellant had failed to pay the premiums necessary to keep the policy in effect during the months of September and October, her injuries having been suffered during the latter month. It must be remembered that, according to the terms of the policy issued to appellant, she purchased insurance for a definite period, to wit, from the date of the issuance of the policy to the first of August following. Under the policy, she then had the privilege of continuing the same in force by paying a certain monthly premium (the company having, as shown by the form of application which is attached to the policy, accorded appellant the option of paying these premiums monthly, quarterly, semi-annually or annually, and appellant having elected to pay the same monthly), payments to be made within the periods limited by the policy, the policy to remain in force only as paid for. By its contract, respondent insured appellant until twelve o'clock, noon,

" . . . of the first day of August, 1926, and for such time thereafter as the premiums paid by the insured as herein agreed will maintain this policy in force."

Another paragraph of the policy contains the following provision:

"This policy will continue in force, subject to its provisions, as long as the premium shall be paid as

agreed herein, unless it is sooner terminated in accordance with its terms.''

It is evident that, under this policy, it was the intention of the parties that appellant should be protected thereby for such period as she should pay for such protection. These provisions of the insurance contract now before us differentiate this case from many in which contracts under which notice of forfeiture or termination was required to release the insurer from liability thereon were considered. We have examined the record, and are satisfied that competent evidence was introduced on behalf of respondent which supports the finding of the court to the effect that appellant failed to pay the premiums necessary to maintain the policy in force for the months of September and October, 1928. This finding of the court being supported by the testimony, it follows that the judgment of dismissal was correct, and the same is hereby affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.